UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ANTHONY D. GOODRICH II              PLAINTIFF

v.              CIVIL ACTION NO. 4:20-CV-P22-JHM

DANIEL CAVANAUGH *et al.*             DEFENDANTS

### MEMORANDUM OPINION

This is a *pro se* civil rights-action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Anthony D. Goodrich II leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Hopkins County Jail (HCJ). He brings this suit against the HCJ; the following six Madisonville Police Department (MPD) officers – Daniel Cavanaugh, Scott Gibson, Justin Crump, Richard Cobb, Clay Stroud, and Allen Stokes; Hopkins County Circuit Court Judge Brantley; and "Hopkins County Public Advocacy" supervisor James Chamberlin. Plaintiff sues the individual Defendants in their official capacities only.

Plaintiff first alleges that on June 1, 2015, he was "tasered multiple times, OC sprayed multiple times, punched & kicked in the face, Head, Ribs & body. Placed in cuff so tight my wrist was bleeding & cut. By Officers (1) Justin Cramp, (2) Richard Cobb, (3) Clay Stroud, (4) Allen Stokes, (5) Daniel Cavanaugh (6) Scott Gibson."

Plaintiff further alleges that on June 1, 2015, he asked officials at Defendant HCJ "multiple times for medical attention & treatment they refuse all my request. . . . They did not report any of my injuries knowingly they were visible."

Plaintiff then states:

> Hopkins Co. Circuit has giving me 22 pretrial conferences while incarcerated. I was never told what happened. . . . 10-23-19 Had a mistrial Judge refuse to release me. Refused two motions for bond reduction after mistrial. December 2019 – motion for new trial date was denied. Jan. 6, 2020 put motion for new trial date again. Was put on docket but was never taken to court. My Public Advocate (Amie Jo Martinez) never told me what happened. 11-24-18 I was extradited from Monroe Co. Florida's Jail for 3 warrants: Bail Jumping, Failure to Appear, Failure to Appear, I have not went to court on those charges yet either & here it is the end of January 2020.

Plaintiff concludes his complaint as follows:

> Public Advocate Supervisor James Chamberlin, I've tried speaking with him plenty of times about me not getting updated through my public advocacy. I've made complaints to Frankfort and still no results. I've asked multiple times for a copy of my suppression hearings & preliminary hearing DVD & still yet to gain possession of them after all these years. I feel that the Public Advocacy is not giving me a fair representation.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of expungement of his record.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Statute of Limitations**

It appears that Plaintiff seeks to hold Defendants MPD Officers Cramp, Cobb, Stroud, Stokes, Cavanaugh, and Gibson liable for using excessive force against him on June 1, 2015, and to hold Defendant HCJ liable for failing to treat Plaintiff's resulting injuries on the same date. The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. at 215. Thus, Plaintiff's claims based upon incidents that allegedly occurred in 2015 are time-barred and, therefore, his claims against Defendants MPD Officers Cramp, Cobb, Stroud, Stokes, Cavanaugh, and Gibson, as well as the HCJ, must be dismissed as frivolous. *See, e.g., Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming dismissal of claims barred by the applicable statute of limitations as frivolous).

**B. Defendant Judge Brantley**

As to Plaintiff's official-capacity claim against Defendant Hopkins County Circuit Court Judge Brantley, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, official-capacity claims for damages against state officials and all claims against a state and its agencies or its arms of state are barred by the Eleventh Amendment to the United States Constitution. *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official

capacity."). Thus, Plaintiff's official-capacity claim against Defendant Judge Brantley must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief. *See, e.g., Byas v. Commonwealth*, No. 5:16CV-121-TBR, 2017 U.S. Dist. LEXIS 52741, at 6-7 (W.D. Ky. Apr. 6, 2017) (dismissing official-capacity claim against a state-court judge for these reasons); *Parker v. Clymer*, No. 5:10CV-47-R, 2010 U.S. Dist. LEXIS 81605, at *7-8 (W.D. Ky. Aug. 11, 2010) (same).

**C. Defendant Chamberlin**

The Court next turns to Plaintiff's official-capacity claim against "Hopkins County Public Advocacy" supervisor James Chamberlin. In general, a public defender, when performing the traditional functions of counsel, is not a state actor. *See, e.g.*, *Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same). Thus, to the extent that Defendant Chamberlin acted as counsel for Plaintiff, he is not a state actor and cannot be held under § 1983.

On the other hand, if Defendant Chamberlin is a state actor because he is employed by the Kentucky Department of Public Advocacy (DPA)[1] in a supervisory role, as Plaintiff's allegations suggest, Plaintiff's official-capacity claim against him is subject to dismissal for the same reasons the official-capacity claim against Defendant Judge Brantley is subject to dismissal.

---

[1] Ky. Rev. Stat. § 31.010 establishes the DPA as an independent agency of the state government.

### D. Injunctive Relief

Finally, the Court turns to Plaintiff's request for injunctive relief. As noted above, in addition to compensatory and punitive damages, Plaintiff seeks the "expungement of his records." The Court, however, has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). Indeed, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[2]

### IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: March 24, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011

---

[2] Pretrial detainees, in certain circumstances, may seek habeas relief under 28 U.S.C. § 2241(c) following exhaustion of available state remedies. *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing respondent to afford him an immediate trial).